UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON T. GEE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-cv-01594-JPH-KMB |
| TRENT ALLEN Warden, | ) |
| CHARLIE FOX Deputy Warden, | ) |
| W. CALLAHAN Maintenance, | ) |
| JEREMY ALBERSON Maintenance, | ) |
| ANDY BAGIENSKI Safety Managment, | ) |
| CHRISTINA WRIGHT Accountant, | ) |
| MARIE LOYD Medical, | ) |
| A. WILSON Medical, | ) |
| V. STANLEY Maintenance, | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Damon Gee is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging the presence of several pollutants in the water at Pendleton in violation of the Eighth Amendment and federal statutes. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Gee's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The complaint names as defendants (1) Warden Trent Allen; (2) Deputy Warden Charlie Fox; (3) W. Callahan, facility maintenance; (4) Jeremy Alberson, facility maintenance; (5) Andy Bagienski, safety management; (6) Christina Wright, accountant; (7) Marie Loyd, medical worker; (8) A. Wilson, medical worker; and (9) V. Stanley, facility maintenance. Mr. Gee is seeking damages and injunctive relief to "make sure all cellhouses . . . have access to clean filter drinking water and shower water . . . ." Dkt. 1 at 6.

Mr. Gee alleges that all Defendants "are part of the water risk management plan facility directive-244." *Id.* at 3. He further states that the water at Pendleton is "contaminated with Legionnaire's disease, H-pilori [sic], lead, and other contaminants and toxins."[1] *Id.* The water also "is brown and black at times and has a very foul odor." *Id.* at 4. Although some cellhouses at Pendleton have access to filtered drinking water, cellhouses J, G, and H do not. Mr. Gee has been housed in G-house since April 2025. Also, staff and visitors at Pendleton are advised not to drink the water there and staff members are provided with bottled water to drink. Mr. Gee has become ill from having to drink the contaminated water and has been denied medical treatment for those ailments. And, although filters are placed on the showerheads, other prisoners take off the filters and they are not replaced. Mr. Gee has submitted grievances about this issue, but they have been ignored. Mr. Gee alleges that Defendants' conduct violates the Clean Water Act ("CWA"), the Safe Drinking Water Act ("SDWA"), and the Eighth Amendment.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Gee has identified the theories he wishes to use—violations of the CWA, SDWA, and Eighth Amendment. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim

---

[1] Mr. Gee is not a participant in other lawsuits that have been filed regarding alleged Legionnaire's contamination at Pendleton. *See, e.g.*, *Jackson et al. v. Holcomb et al.*, No. 1:21-cv-03120-JPH-KMB.

under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Gee's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, regarding the CWA, it governs the "discharge" of pollutants into "navigable waters." *See Sackett v. Env't Prot. Agency*, 598 U.S. 651, 660 (2023) (citing 33 U.S.C. §§ 1311(a), 1362(12)(A)). The allegations of the complaint do not allege any such "discharge" by Defendants. Any CSW claims **are dismissed**.

Second, the SDWA was passed to establish uniform standards for public water systems and to reduce contamination in drinking water. 67 Am. Jur. Proof of Facts 3d 95 (Vinal, R. 2002) (citing 42 U.S.C. §§ 300f et seq.). The SDWA gives private persons authority to bring an enforcement action for injunctive relief, *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 105 (D. Mass 2019), but "there is no private right of action for damages arising from a violation of the SDWA." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) (citation omitted); *see also Phan v. Aurora City Water Util. Admin.*, No. 21-CV-00960-GPG, 2021 WL 5629068, at *1 (D. Colo. Apr. 13, 2021). Based on the screening standard above and Mr. Gee's requests for injunctive relief to remedy the contaminated water, his SDWA claims **shall proceed** only against Warden

Allen in his official capacity. Any claims for damages against any Defendant **are dismissed**.

Third, to the extent Mr. Gee suggests Defendants were deliberately indifferent to his need for medical care, he has not specified how any of them were personally involved in depriving him of needed care. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). It is insufficient to plead that "one or more" defendants deprived a plaintiff of his constitutional rights without connecting specific defendants to illegal acts. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Any deliberate indifference claims based on medical care **are dismissed**.

Finally, Eighth Amendment conditions of confinement claims **shall proceed** against all Defendants based on Mr. Gee's allegations that each of them has been part of a water risk management team at Pendleton and failed to take adequate action to provide safe drinking and shower water in cellhouses J, G, and H at Pendleton.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 11, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: a claim for injunctive relief under the SDWA against Warden Allen only and Eighth Amendment conditions of confinement claims against all Defendants. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Trent Allen, Charlie Fox, W. Callahan, Jeremy Alberson, Andy Bagienski, Christina Wright, Marie Loyd, A. Wilson, and V. Stanley in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 11, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The Court judicially notes that although Mr. Gee identifies defendants Loyd and Wilson as Indiana Department of Correction employees, Centurion Health of Indiana contracts with the State to provide medical care at all correctional facilities. The Court therefore will direct that a copy of this Order and the process documents to be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/20/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Trent Allen
    Charlie Fox
    W. Callahan
    Jeremy Alberson
    Andy Bagienski
    Christina Wright
    V. Stanley
    (All at Pendleton Correctional Facility)

Electronic Service to Centurion
    A. Wilson
    Marie Loyd


DAMON T. GEE
981951
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only