UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON T. GEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 1:25-cv-01594-JPH-KMB |
| | ) |
| TRENT ALLEN Warden, | ) |
| CHARLIE FOX Deputy Warden, | ) |
| W. CALLAHAN Maintenance, | ) |
| JEREMY ALBERSON Maintenance, | ) |
| ANDY BAGIENSKI Safety Managment, | ) |
| CHRISTINA WRIGHT Accountant, | ) |
| MARIE LOYD Medical, | ) |
| A. WILSON Medical, | ) |
| V. STANLEY Maintenance, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Damon Gee is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging he has been exposed to the Legionella pathogen at Pendleton. After screening the original complaint but before any defendants appeared and answered, Mr. Gee filed a motion for leave to amend his complaint. That motion is **GRANTED** as a matter of course under Fed. R. Civ. P. 15(a)(1). Dkt. [20]. The **clerk is directed** to docket the filing at dkt. [20-1] as the operative complaint in this action. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Gee's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The amended complaint lists as defendants (1) Warden Trent Allen; (2) Deputy Warden Charlie Fox; (3) Maintenance Supervisor William Callahan; (4) Maintenance Staff Member Jeremy Alberson; (5) Safety

Hazard Manager Andy Bagienski; (6) Accountant Christina Wright; (7) medical staffer Marie Lloyd; (8) medical staffer A. Wilson; (9) Physical Plant Director Vincent Stanley; (10) Centurion Health of Indiana, LLC; (11) Deputy Warden A. Cole; and (12) Health Services Administrator ("HSA") Lisa Hamblen. Mr. Gee is seeking damages and injunctive relief.

The underlying basis of Mr. Gee's amended complaint is identical to that in the original complaint: (1) that the original State Defendants (Warden Allen, Deputy Warden Fox, Maintenance Supervisor Callahan, Maintenance Staff Member Alberson, Safety Hazard Manager Bagienski, Ms. Wright) and the newly-added State Defendant (Deputy Warden Cole) have had authority over the water system at Pendleton and have knowingly allowed contamination of the Legionella pathogen and others, such as H. Pylori, to continue within the water supply for a number of years; (2) that the original Medical Defendants (Lloyd and Wilson) and newly-added individual Medical Defendant HSA Hamblen ignored Mr. Gee's requests for healthcare after being severely sickened by the Pendleton water and had symptoms consistent with Legionnaires' disease.

Although Mr. Gee states in his amended complaint that the Centurion Medical Defendants were part of a "water risk management team" at Pendleton, he does not clearly allege they had any direct control over the Pendleton water supply. Mr. Gee specifically alleges that the "State Defendants failed to adequately respond to issues in . . . the community water system"' that the "State Defendants permitted the deterioration of the community water system"; that the "State Defendants permitted certain showers to become non-functioning"; that

3

the "State Defendants failed to maintain or otherwise permitted the draining system at [Pendleton] to stagnate"; and the "State Defendants' policies, practices, or customs caused Plaintiff requests to be provided with safe water to be ignored"; that "State Defendants executed policies, practices, or customs that led to the failure to provide potable water to Plaintiff"; that "State Defendants faile[d] to maintain a safe, functioning, and sanitary water system"; and that "State Defendants did not implement adequate remedial treatment procedures or physical corrections to the water system infrastructure." Dkt. 20-1 at 7-9

The amended complaint also states that no later than 2021, the State Defendants became aware of the contamination of the Pendleton water supply, but they have failed to conduct adequate testing of the water supply or maintain its infrastructure. Although Pendleton staff have told inmates that the water there is safe to drink, drinking fountains have been removed from several cell houses. Also, shower filters that have been put in place, which are intended to last for only 30 days, are often removed by other inmates and not replaced for months at a time. The shower water temperature is ideal for Legionella proliferation, and inmates are not provided adequate disinfection materials or protection from Legionella. Regarding Centurion, Mr. Gee alleges it enacted a policy of not testing inmates for Legionnaires' disease, which led to inadequate medical care for it. He also alleges "Centurion Defendants were deliberately indifferent to Plaintiff's serious medical needs when, inter alia, they refused to provide testing and adequate medical treatment for Plaintiff, when Plaintiff

suffered from symptoms or diseased associated with Legionella exposure." Id. at 11.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Gee has identified the theories he wishes to use—Eighth Amendment conditions of confinement, Eighth Amendment deliberate indifference, and state law negligence. Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Gee's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Gee does not expressly seek injunctive relief in his amended complaint, nor does he invoke the Safe Drinking Water Act ("SDWA") in it. Mr. Gee had stated claims under the SDWA in the original complaint and the Court allowed a claim for injunctive relief under it to proceed against Warden Allen in his official capacity. Dkt. 15 at 4-5. However, it appears that Mr. Gee has now abandoned any SDWA claims, so they **are dismissed**.

Second, although Mr. Gee alleges the individual Centurion Defendants were part of the Pendleton "water risk management team," the allegations in the amended complaint are that the State Defendants were the ones responsible for upkeep of the Pendleton water system and for the resulting Legionella contamination in that system. Any Eighth Amendment conditions of confinement claims against the Centurion defendants **are dismissed**. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.").

Eighth Amendment medical deliberate indifference and state law negligence claims **shall proceed** against medical staffer Marie Lloyd, medical staffer A. Wilson, Centurion Health of Indiana, LLC, and HSA Lisa Hamblen. Claims also **shall proceed** against Centurion under the under the theory recognized in *Monell v. v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and for state law negligence. As identified in the original complaint, Eighth Amendment conditions of confinement claims **shall continue to proceed** against State Defendants Warden Allen, Deputy Warden Fox, Maintenance Supervisor Callahan, Maintenance Staff Member Alberson, Safety Hazard Manager Bagienski, Ms. Wright, and also **shall now proceed** against newly-added defendant Deputy Warden Cole.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed.

## IV. Conclusion and Service of Process

Mr. Gee's motion for leave to file an amended complaint is **GRANTED**. Dkt. [20]. The **clerk is directed** to docket the filing at dkt. [20-1] as the amended complaint.

The **clerk is directed** to add Deputy Warden A. Cole, Centurion Health of Indiana, LLC, and Lisa Hamblen as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Deputy Warden Cole, Centurion, and Lisa Hamblen in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on March 17, 2026, dkt. [20-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Hamblen is identified as an employee of Centurion. Centurion is **ORDERED** to provide the full name and last known home address of this defendant if she does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve Deputy Warden Cole, Centurion, and Ms. Hamblen electronically.

The previously-named Defendants may join in any answers filed by the newly-named Defendants.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/11/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

Electronic service to Indiana Department of Correction:
      Deputy Warden A. Cole
      (At Pendleton Correctional Facility)

Electronic service to Centurion:
      Centurion
      Lisa Hamblen

All ECF-registered counsel of record via email

DAMON T. GEE
981951
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only